**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Sybil Smith Warren,<br><br>Debtor.<br><br>Discover Bank, Issuer of the Discover Card,<br><br>Plaintiff,<br><br>v.<br><br>Sybil Smith Warren,<br><br>Defendant. | C/A No. 11-06879-DD<br><br>Adv. Pro. No. 12-80002-DD<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING** |

This matter is before the Court on a Motion to Dismiss Adversary Proceeding ("Motion") filed by Sybil Smith Warren ("Defendant") on March 15, 2012. A Response to the Motion was filed by Discover Bank, Issuer of the Discover Card, ("Plaintiff") on March 23, 2012. As noted below, the present Motion is the second Motion to Dismiss filed in this adversary proceeding. A hearing was held April 19, 2012. At the hearing, the Court took the matter under advisement. The Court now issues the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Defendant filed her chapter 7 case on November 4, 2011. Her case was designated a no asset case and proceeded in the ordinary course, and Defendant received her chapter 7 discharge on March 14, 2012. Defendant's Schedules show that her income is solely from Social Security and retirement, totaling $2,776.37 per month. Defendant's Schedule J reflects expenses of $3,185.16, leaving her with no disposable income. Defendant's Schedule D reflects $188,272.00 of secured debt, comprised entirely of a first and second mortgage on Defendant's residence.

Defendant's Schedule F indicates that Defendant has $39,689.00 of unsecured debt, comprised entirely of credit card debt. The debts listed on Schedule F include a debt to Plaintiff in the amount of $5,401.00.

The deadline to object to Defendant's discharge or oppose dischargeability of a particular debt was set as January 31, 2012, and Plaintiff commenced this adversary proceeding on January 4, 2012, seeking a determination that its debt was nondischargeable pursuant to 11 U.S.C. § 523(a)(2). On January 31, 2012, Defendant filed a Motion to Dismiss Adversary Proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded to that Motion on February 8, 2012, and a hearing was held on March 6, 2012. The Court entered an Order granting the Motion to Dismiss on March 7, 2012 and giving Plaintiff ten days to file an amended complaint. Plaintiff filed an amended complaint on March 7, 2012, and Defendant filed the present Motion on March 15, 2012.

Plaintiff's Amended Complaint alleges that Defendant incurred $4,036.00 in consumer debts in the form of charges with her Discover credit card within the 90 day period prior to the filing of Defendant's bankruptcy petition. Plaintiff alleges that a large portion of the $4,036 was spent on luxury goods. Defendant's credit card statement, attached as an exhibit to Defendant's Motion, shows that the balance on the card at the time of Defendant's filing was $7,343.18. The statement also reflects that during the 90 day period prior to her bankruptcy filing, Defendant incurred $4,737.01 in charges and $1,735.00 in credits, resulting from payments made by Defendant, returns of online clothing purchases, and a $100 "reward redemption credit" from Plaintiff to reward Defendant for her use of the credit card. Some of the particular charges Plaintiff points to as luxury good purchases include:

8/12/2011-Peruvian Connection, $325.90[1]

8/30/2011-Physicians Plan Weight Loss, $847.00

9/9/2011-The J. Peterman Co., LLC, $665.95[2]

9/16/2011-Jos. A. Bank, two transactions-$230.69 and $553.94

9/29/2011-The J. Peterman Co., LLC, $119.00

## **CONCLUSIONS OF LAW**

**I.    Rule 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a complaint to be dismissed if it fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Drennan v. Hunnicutt (In re Hunnicutt)*, -- B.R. ---, 2011 WL 5386584, at *1 (Bankr. D.S.C. Nov. 8, 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true [and viewed in the light most favorable to the plaintiff], to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint is not required to contain detailed factual allegations, but the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (second alternation original). The court can only dismiss a complaint under Rule 12(b)(6) if "it is clear that no relief could be granted under any set of facts that could be proved consistent with

---

[1] Defendant received a credit from Peruvian Connection on August 25, 2011, which Defendant claims is a result of her return of the purchases made on August 12, 2011. The amount of the credit is $299.00; Defendant claims the difference, approximately $27.00, is due to unreimbursed shipping.

[2] Defendant apparently received a credit for returning the items purchased in this transaction on October 15, 2011. The credit was in the amount of $636; the difference in the purchase amount and the credit is, according to Defendant, due to unreimbursed shipping charges.

the allegations." *Bennett v. Smith (In re Smith)*, No. 05-10041, Adv. No. 05-2079, 2006 WL 3333801, at *4 (Bankr. M.D.N.C. Nov. 16, 2006) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## II.     11 U.S.C. § 523(a)(2)

Plaintiff alleges that it is entitled to a finding that its debt is nondischargeable under 11 U.S.C. § 523(a)(2). That section provides:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt – (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> (B) use of a statement in writing –
>   (i)  that is materially false;
>   (ii) respecting the debtor's or an insider's financial condition;
>   (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>   (iv) that the debtor caused to be made or published with intent to deceive; or
> (C) (i) for purposes of subparagraph (A) –
>   (I)  consumer debts owed to a single creditor and aggregating more than $600 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and
>   (II) cash advances aggregating more than $875 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable; and
>   (ii) for purposes of this subparagraph—
>     (I)   the terms "consumer," "credit," and "open end credit plan" have the same meanings as in section 103 of the Truth in Lending Act; and
>     (II)  The term "luxury goods or services" does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor.

Plaintiff alleges that it is entitled to a finding of nondischargeability under both (A) and (B). Each section is addressed individually below.

I. 11 U.S.C. § 523(a)(2)(A)

In order to make a prima facie case for fraud under section 523(a)(2)(A), Plaintiff must prove the following five elements by a preponderance of the evidence:

1. that the debtor made a representation;

2. that at the time he knew the representation was false;

3. that he made it with the intention and purpose of deceiving the creditor;

4. that the creditor relied on such representation; and

5. that the creditor sustained the alleged loss and damage as the proximate result of the representation.

*First Card Servs., Inc. v. Team Motorsports, Inc. and Greg Godbout (In re Team Motorsports, Inc.)*, 227 B.R. 427, 430 (Bankr. D.S.C. 1998). *See also Am. Express Centurion Bank v. Truong (In re Truong)*, 271 B.R. 738, 744 (Bankr. D. Conn. 2002). Thus, in order to meet the Rule 12(b)(6) standard under *Iqbal* and *Twombly*, Plaintiff must plead facts sufficient to satisfy each of these five elements.

It is unnecessary to address each of these elements individually, however, because the fatal flaw in Plaintiff's pleading rests with the fourth element, Plaintiff's reliance on the Defendant's representation that she intended to pay the incurred charges. Several courts have held that in a relationship between a credit card user and issuer, the reliance element is met simply by the fact that the purchases made with the card were accepted by the issuer. *First N. Am. Nat'l Bank v. Widner (In re Widner)*, 285 B.R. 913, 920 (Bankr. W.D. Va. 2002); *Sears, Roebuck & Co. v. McVicker (In re McVicker)*, 234 B.R. 732, 740 (Bankr. E.D. Ark. 1999);

*MBNA Am. v. Simos (In re Simos)*, 209 B.R. 188, 193 (Bankr. M.D.N.C. 1997) (citing *In re Eashai*, 87 F.3d 1082, 1091 (9th Cir. 1996); *In re Anastas*, 94 F.3d 1280, 1286 (9th Cir. 1996)); *Household Fin. Corp. v. Kahler (In re Kahler)*, 187 B.R. 508, 513 (Bankr. E.D. Va. 1995). Other courts have held that some evidence must be presented to show what information was available to the issuer at the time the charges were accepted in order for the court to determine whether the issuer's reliance on the debtor's representations is justifiable. *Money One Fed. Credit Union v. Manegan (In re Manegan)*, No. 06-10092-SSM, Adv. No. 06-1098, 2006 WL 3408113, at *4 (Bankr. E.D. Va. Nov. 24, 2006) (citing *In re Willis*, 190 B.R. 866, 870 (Bankr. W.D. Miss. 1996)); *First Deposit Nat'l Bank v. Cameron (In re Cameron)*, 219 B.R. 531, 538–39 (Bankr. W.D. Miss. 1998); *FCC Nat'l Bank v. Willis (In re Willis)*, 190 B.R. 866, 870 (Bankr. W.D. Miss. 1996). Those courts rely on a United States Supreme Court case, *Field v. Mans*, 516 U.S. 59 (1995).

In *Field*, involving a claim of fraudulent representations made by a debtor to induce plaintiffs to continue to extend credit to a corporation controlled by the debtor, the United States Supreme Court addressed the issue of what level of reliance a creditor had to establish under section 523(a)(2)(A). *Field*, 516 U.S. at 66. The Court found that Congress intended a common-law meaning of the terms used in section 523(a)(2)(A), and as a result, examined the meaning of the term "actual fraud" at the time it was added to section 523(a)(2)(A). *Id.* at 69–70. The Court found that, based on the prevailing authorities at the time section 523(a)(2)(A) was enacted, justifiable reliance was the proper standard for reliance under section 523(a)(2)(A). *Id.* at 72–75. Courts applying the standard established in *Field* have stated that justifiable reliance cannot be inferred from a debtor's incurring of charges and an issuer's acceptance of the charges. *Manegan*, 2006 WL 3408113, at *4. Instead, the issuer must present affirmative evidence to

show it justifiably relied on the debtor's representations. *Id. See also Willis*, 190 B.R. at 870 ("[P]laintiff must demonstrate that, at the time the debtor used the card, and made the implied representation, the creditor justifiably relied on that representation before accepting the charge."). "[I]n determining whether a creditor's reliance is justifiable, the court must look to all the facts available to plaintiff, and the sophistication of the plaintiff, and determine whether plaintiff should have realized that there might be some problem in extending credit." *Willis*, 190 B.R. at 870 (citing *Field v. Mans*, 516 U.S. 59 (1995)).

The cases cited above deal with the evidence presented at trial, and the issue here is sufficiency of the pleading. In the Complaint, Plaintiff references the standard from *Field*, alleging "[P]laintiff justifiably relied on Defendant's representations." Unfortunately, that is all Plaintiff pleads regarding reliance. Regardless of which standard the Court applies, in order to state a cause of action under section 523(a)(2)(A), more than what is contained in Plaintiff's Complaint is required. The Complaint contains no explanation of how Plaintiff relied on Defendant's representations. Other than a singular statement that Plaintiff relied, the pleadings are completely devoid of facts or information relating to Plaintiff's reliance. There could be no more classic a case of pleading labels and conclusions and a formulaic recitation of the elements of a cause of action than to merely state, "Plaintiff justifiably relied on Defendant's representation." Plaintiff has not pled sufficient facts to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555. The fourth element of section 523(a)(2)(A) is not met.

Plaintiff contends that its Complaint is sufficient because it alleges that goods purchased by Defendant within the 90 days prior to the bankruptcy filing were luxury goods and therefore, under section 523(a)(2)(C), a presumption that the debt is nondischargeable arises. Section

523(a)(2)(C) supplies an evidentiary presumption of "false pretenses, a false representation, or actual fraud" at trial. In its Complaint, Plaintiff points to one vendor's website and cites a CNN article and a "retail industry almanac" in an attempt to invoke the presumption. *See Citibank v. Parker*, 23 Fed. Appx. 125, 126 (4th Cir. 2001) ("If the creditor proves that the debt is consumer debt for luxury goods and establishes the other elements of 11 U.S.C. § 523(a)(2)(C), the burden of proving dischargeability shifts to the debtor."). However, Plaintiff does not include in its Complaint any indication that a luxury good was purchased. Plaintiff merely claims that Defendant made purchases from retailers who sell, or claim to sell, luxury goods. Section 523(a)(2)(C)(i)(II) provides that luxury goods do not include those goods that are necessary for the maintenance and support of the debtor or her dependent. Many of the purchases using the Discover card were from vendors that sell ordinary goods needed for a person's support and maintenance.[3] Several of the vendors primarily sell clothing. It is certainly possible for some items of clothing to be luxury items, but other items of clothing, perhaps even most items of clothing, are ordinary goods. Where Plaintiff fails is in identifying the merchant who sold Defendant goods as opposed to the actual merchandise that was sold to Defendant. As Defendant points out in her Motion, while vendors may hold themselves out and be considered as retailers of luxury goods, that distinction does not mean that all goods sold by such vendors are in fact luxury goods, and here there was no allegation in Plaintiff's Complaint concerning the type of goods Defendant purchased. The statement that Defendant purchased goods from a certain retailer who often sells luxury items is not sufficient for Plaintiff to benefit from a presumption under section 523(a)(2)(C). Plaintiff's Complaint does not set forth facts raising a right to relief as to each of the five elements required under section 523(a)(2)(A), and as a result, Plaintiff's Complaint does not state a cause of action under section 523(a)(2)(A).

---

[3] Some of the vendors include Food Lion, Target, a veterinary clinic, and a dentist office.

II. <u>11 U.S.C. § 523(a)(2)(B)</u>

While Plaintiff's Complaint contains a citation to 523(a)(2)(A)-523(a)(2)(C), no mention is made of 523(a)(2)(B), and the Complaint is devoid of any reference to Defendant's "use of a statement in writing" to deceive Plaintiff. To the extent Plaintiff intended to plead a cause of action under 523(a)(2)(B), it failed to do so.

## CONCLUSION

Plaintiff's Complaint fails to state a cause of action for which relief can be granted. Defendant's Motion to Dismiss is granted, and Plaintiff's Complaint is dismissed without leave to amend. A hearing on Defendant's request for attorney's fees and costs under 11 U.S.C. § 523(d) will be held on May 8, 2012 at 9:00 a.m. in Columbia.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**04/23/2012**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 04/23/2012